UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LORI JOHNSON and<br>GLEN JOHNSON,<br>    Plaintiffs,<br><br>v.<br><br>WOODFIELD HOA, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)  No.  3:20-cv-216<br>)<br>)<br>) |

**COMPLAINT FOR BODILY INJURY
AND DEMAND FOR JURY TRIAL**

Come now the Plaintiffs, Lori Johnson and Glen Johnson, by counsel, Robert W. Rock of Gerling Law Offices, P.C., for their cause of action against the Defendant, Woodfield HOA, Inc., and state as follows:

**Overview of Case and Controversy**

1.  This cause of action is a claim of common law negligence that arises from a premises liability accident that occurred on or about May 6, 2019, in Warrick County, Indiana.

**Jurisdiction and Venue**

2.  Jurisdiction is appropriate in this Court, pursuant to Title 28 U.S.C.A. § 1332 (West), because the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different States.

3.  Venue is proper in this Court, pursuant to 28 U.S.C.A. § 1391 (West), because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana and Defendant, Woodfield HOA,

Inc.'s, principal office is located at 1102 Lakefield Drive, Newburgh, Warrick County, Indiana.

### Parties

4. Plaintiffs are residents of Glenview, Cook County, Illinois.

5. Defendant, Woodfield HOA, Inc., is a domestic non-profit corporation incorporated in the State of Indiana with its principal office located at 1102 Lakefield Drive, Newburgh, Warrick County, Indiana.

### General Allegations

6. On or about May 6, 2019, the Plaintiff, Lori Johnson, was a guest of residents who live in the Woodfield Subdivision which common areas are under the exclusive control of the Defendant, Woodfield HOA, Inc.

7. On the same day set forth above, the Plaintiff was walking around the subdivision lake and was a pedestrian on the subdivision lake.

8. The Defendant's board was aware and on notice that there was a safety problem with the lake overflowing onto the sidewalk causing an unsafe condition for pedestrians on the sidewalk.

9. The Defendant had a duty to exercise reasonable care in maintaining its premises for its residents and the guests of its residents.

10. The defective condition of the walkway posed an unreasonable risk of harm to the Defendant's residents and guests.

11. While the Plaintiff, Lori Johnson, was walking around the subdivision lake on the walkway, she slipped and fell on a slippery area of dirt

which had accumulated on the sidewalk due to overflow from the lake resulting in severe personal injuries.

12.  The Defendant had notice of the defective condition of the lake walkway but failed to exercise ordinary and reasonable care or warn the public and/or its guests of its defective condition.

13.  As a direct and proximate result of the Defendant's negligence to properly maintain its premises for the benefit of the general pubic and its guests, the Plaintiff, Lori Johnson, sustained physical injuries, has incurred and will incur medical expenses for the reasonable and necessary treatment of her injuries, has incurred and will incur pain and suffering by reason of her injuries, and has incurred and will incur other damages.

14.  As a further direct and proximate result of Defendant's negligence, the Plaintiff, Glen Johnson, has lost the services, society, and consortium of his wife, Lori Johnson.

WHEREFORE, the Plaintiffs, Lori Johnson and Glen Johnson, respectfully pray for judgement against the Defendant, in an amount sufficient to compensate the Plaintiffs for their injuries and damages, for costs of this action, and for all other just and proper relief in the premises.

PLAINTIFFS RESPECTFULLY REQUEST TRIAL BY JURY ON ALL ISSUES.

> GERLING LAW OFFICES
> PROFESSIONAL CORPORATION
>
> By /s/ Robert W. Rock
> Robert W. Rock # 14060-48
> 519 Main Street
> P.O. Box 3203
> Evansville, IN  47731
> ATTORNEY FOR PLAINTIFFS